In re Jeanne C. COLOMBO, Debtor.

C. Bruce Lawrence, as
Trustee, Plaintiff,

v.

Ann Romano, Defendant.

Bankruptcy No. 02–22795.
Adversary No. 03–2170.

United States Bankruptcy Court,
W.D. New York.

Nov. 2, 2004.

Timothy E. Ingersoll, Rochester, NY, for Debtor.

### DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On July 22, 2002, Jeanne C. Colombo (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section

521 and Rule 7001, the Debtor indicated that: (1) she owned no real property; (2) she had unsecured debt of $26,453.47, including at least $22,300.00 which she described as resulting from credit card purchases on accounts that were opened prior to July 20, 1999; (3) she resided at 5727 Price Road, Livonia, New York (the "Price Road Property"); and (4) she had a $350.00 per month current rent expense.

On September 30, 2003, the Debtor's Chapter 7 Trustee (the "Trustee") commenced an Adversary Proceeding against Ann Romano ("Romano"). The Complaint in the Adversary Proceeding alleged that: (1) on June 25, 1998, the Debtor acquired the Price Road Property from Romano, who was the Debtor's mother; (2) on July 16, 1999, when the Debtor was indebted to various still unpaid creditors, she conveyed a one-half interest in the Price Road Property to Romano without consideration; (3) on November 22, 2000, when she was indebted to various still unpaid creditors, the Debtor conveyed her remaining one-half interest in the Price Road Property to Romano without consideration; (4) the Debtor was insolvent when she conveyed her interests in the Price Road Property to Romano; (5) at the time of the July 1999 and November 2000 conveyances, the Price Road Property had a real estate tax assessment value of in excess of $54,000.00; (6) in addition to being conveyances that were made while the Debtor was insolvent and for no consideration, the conveyances of the Price Road Property were made by the Debtor to cover up and conceal her ownership of the Property, where she continued to live, with the specific intent to hinder, delay and defraud her creditors; (7) a number of the Debtor's creditors that were creditors of hers at the time of these conveyances, remained unpaid at the time of the filing of her Chapter 7 petition; (8) Romano received and accepted these conveyances with the actual intent to assist the Debtor in hindering, delaying and defrauding her creditors; (9) the conveyances of the Price Road Property to Romano should be avoided, and the Property revested in the bankruptcy estate, so that the Trustee can administer the Property for the benefit of creditors; and (10) the Trustee, pursuant to Section 276 of the New York Debtor and Creditor Law (the "DCL"), should be awarded attorneys' fees in connection with the avoidance of the conveyances of the Price Road Property to Romano because they were intentional fraudulent conveyances as well as constructive fraudulent conveyances.

After Romano interposed an Answer, which was essentially a general denial, the Court conducted a pretrial conference at which her attorney indicated that: (1) the Debtor's family had owned the Price Road Property, which was at one time a working farm, for approximately one hundred years; (2) after her husband died, Romano left the Property, but the Debtor and her daughter continued to live there and Romano conveyed the Property to the Debtor; (3) the Debtor attempted to obtain financing to fix up the house on the Price Road Property, which was in poor condition, but she was unable to obtain the sought after financing; (4) there was no mortgage on the Property; (5) although the Town of Livonia may have condemned the Property, the Debtor and her daughter continued to live there; (6) Romano had obtained a March 9, 2003 appraisal of the Property, prepared by Kenneth J. Vallone (the "Vallone Appraisal"), which estimated the fair market value of the land at $30,000.00 after the house on the Property was demolished and cleared away along with all of the other debris at the Property; (7) Romano had obtained a quote of $35,910.00 from Federico Wrecking Company (the "Removal Quote"), to demolish

the house and clean up the Price Road Property, with the exception of asbestos, tires, fuel tanks and hazardous materials; and (8) since the cost to "clean up" the Price Road Property exceeded its post-cleanup land value: (a) there was nothing that the Trustee could realize for creditors if the conveyance of the Property to Romano was avoided and the title to the Property became revested in the bankruptcy estate; and (b) when the Debtor conveyed her interests in the Property to Romano, which had "no realizable value" for creditors, there were no avoidable fraudulent conveyances.

On July 14, 2004, the Trustee filed a "Motion for Summary Judgment" and on July 20, 2004, Romano interposed a "Response" asserting the same facts as presented at the Court's pretrial conference.

## DISCUSSION

### I. *Summary Judgment*

Fed.R.Civ.P. 56, incorporated by reference in Fed.R.Bankr.P. 7056, "provides that summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled, as a matter of law, to a judgment in its favor." *In re Bennett Funding Group, Inc.*, 220 B.R. 743 (Bankr.N.D.N.Y.1997), citing *Federal Deposit Ins. Corp. v. Bernstein*, 944 F.2d 101, 106 (2d Cir.1991). The moving party has the initial burden of demonstrating that there is no genuine issue of material fact for trial. *In re Corcoran*, 246 B.R. 152, 158 (E.D.N.Y.2000), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has met its initial burden, "the non-movant must then come forward with sufficient evidence on the elements essential to its case to support a verdict in its favor." *Corcoran*, 246 B.R. at 158, citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding to grant or deny summary judgment, "the trial court must resolve all ambiguities and draw inferences in favor of the party against whom summary judgment is sought." *Bennett Funding Group, Inc.*, 220 B.R. at 751, citing *LaFond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir.1995); *Corcoran*, 246 B.R. at 156, citing *Reyes v. Delta Dallas Alpha Corp.*, 199 F.3d 626, 627–28 (2d Cir.1999). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir.1997) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (further citations omitted). Summary judgment is therefore inappropriate if any evidence exists in the record upon which a reasonable inference may be drawn in favor of the non-moving party. *Id.*, citing *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

### II. *Avoidable, Intentional Fraudulent Conveyances Made With the Actual Intent to Hinder, Delay and Defraud Creditors*

In her Response, Romano did not specifically refute the allegations of the Trustee that the conveyances by the Debtor of her interests in the Price Road Property were made with the intent to hinder, delay and defraud her creditors, and no other admissible or credible evidence to the contrary has been interposed in the Adversary Proceeding, not even a sworn affidavit by the Debtor. Romano's Response to the Motion for Summary Judgment was directed only to the issue of the value of the Price Road Property. Furthermore, notwithstanding the hearsay statement made by the attorney for Roma-

no at the pretrial conference conducted by the Court that the Price Road Property was reconveyed to Romano because the Debtor failed to obtain financing to improve the Property, the two stage conveyance of the Debtor's interests in the Price Road Property to Romano negates any assertion of a mere innocent reconveyance and demonstrates the intent to hinder, delay and defraud her creditors and Romano's knowledge of that intent.

It must also be noted in connection with these conveyances that the Debtor's schedules indicated that, as of July 22, 2002 when she filed her bankruptcy petition, she had a gross annual income of $9,441.60 after two years of her current employment at her two jobs. As a result, her unsecured debt of $26,543.47 was 2.8 times her gross annual income. Her schedules further indicated that she had a negative net monthly income. Therefore, in view of the Debtor's debt-load, negative income and desire to continue to reside at the Price Road Property, the only reasonable conclusion that the Court can make is that she transferred her interest in the Price Road Property out of her name and into her mother's in order to put off her creditors.

Based upon the foregoing: (1) there has been no credible evidence presented in this Adversary Proceeding, including in connection with the Motion for Summary Judgment, from which the Court could reasonably conclude that there is a triable issue of fact as to whether the Debtor's conveyances of her interests in the Price Road Property to Romano were made with a specific intent to hinder, delay and defraud her creditors, or that Romano's acceptances of those conveyances were not made knowingly or in furtherance of that intent; and (2) there is sufficient evidence to conclude that the conveyances and acceptances were clearly made with that intent.

### III. *Value in the Price Road Property*

■ Romano asserts that: (1) based upon the Vallone Appraisal and the Removal Quote, there would be no realizable value in the Price Road Property for the bankruptcy estate if the conveyances to Romano are avoided; and (2) there were no fraudulent conveyances at the time of the conveyances to Romano because, for the same reasons, there was no realizable value in the Property for creditors at that time and, therefore, the Debtor's estate was not diminished.

In support of this assertion Romano has submitted the Vallone Appraisal and the Removal Quote, and has further asserted that the only value that the Trustee or creditors could ever realize from the Price Road Property would be to sell it to a third-party buyer who would completely "clean it up" in accordance with the Removal Quote and then have a "clean" 2.2 acre, $30,000.00 parcel of land that they could build on or otherwise use.

In addition, Romano asserts that neither the Trustee or a third-party buyer of the Price Road Property could rent the Property, because they would not be able to obtain a Certificate of Occupancy or insurance because of the condition of the Property.

It is counter–intuitive that the Price Road Property has no value now or that it had no value at the time of the conveyances to Romano. Furthermore, based upon all of the evidence presented in this Adversary Proceeding, the Court does not believe that it requires an evidentiary hearing to find that there is value in the Price Road Property, for the following reasons: (1) the Price Road Property, which consists of 2.2 acres of land, has no mortgage against it and relatively low real estate taxes and it has never been exposed to the market and potential third-party buy-

ers who might wish to acquire it for a variety of reasonable uses, such as: (a) for a hunting or camp site; (b) for a storage site; (c) to live there, after all the Debtor and her daughter have lived there since at least June of 1998, and as one travels across this country, it is clear that people live under varied physical conditions; or (d) for some other speculative use that would be no less speculative than Romano's assertion that the only buyer for the Property would be one who insisted upon the Removal Quote "clean up"; (2) the Debtor's own schedules establish a fair market rental use value for the Price Road Property of $350.00 per month, an amount that she was apparently paying to Romano when she filed her petition, and, unless her schedules were false, would be willing to continue to pay in order to live there in the event that the conveyances to Romano are avoided and the Property is revested in the bankruptcy estate, or would have paid if she had retained the Property and a judgment creditor had it sold at a Sheriff's auction; and (3) the assertion that the Price Road Property is not rentable without a Certificate of Occupancy is negated by the fact that the Debtor and her daughter continue to live there and pay rent, even though she does not own the Property and there apparently has been no Certificate of Occupancy issued.

Although the Court is not certain that in the case of an avoidable fraudulent conveyance made with a specific intent to hinder, delay and defraud creditors, there also must be a determination that the property of the Debtor transferred had an equity value for creditors, for the above reasons, and because clearly the Debtor would not have conveyed the Property to Romano if she believed that it had no value, the Court finds that: (1) there is value in the Price Road Property at this time; and (2) there was value at the time the Debtor's interests in the Property were conveyed to Romano, so that the Debtor's estate was diminished.

Having found that there is value in the Price Road Property, it is not necessary for the Court to conduct an evidentiary hearing to determine the exact amount of that value, since the Trustee has not requested that the Court enter a judgment for the value of the property fraudulently conveyed, but only that the Court avoid the conveyances to Romano so that the Price Road Property will revest in the estate.

### CONCLUSION

The July 16, 1999 and November 22, 2000 conveyances by Jeanne C. Colombo of her then interests in 5727 Price Road, Livonia, New York, to Ann Romano, are hereby avoided as intentional and constructive fraudulent conveyances under Section 544 of the Bankruptcy Code and the New York Debtor and Creditor Law, and a copy of this Decision & Order may be filed with the Livingston County Clerk's Office by the Trustee so that the Clerk will make the necessary entries in the records for that County.

By November 23, 2004, the Trustee shall submit to the Court a separate judgment against Romano for attorneys' fees and expenses pursuant to Section 276 of the New York Debtor and Creditor Law, along with time sheets to support the requested attorneys' fees and expenses.

**IT IS SO ORDERED.**